IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLITCH PRODUCTIONS PTY LTD,<br><br>                 Plaintiff,<br><br>  v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                 Defendants. | Case No. 25-cv-00161<br><br>**Judge Gretchen S. Lund**<br><br>**Magistrate Judge John E Martin** |

## DECLARATION OF MARTIN F. TRAINOR

I, Martin F. Trainor, of the City of Chicago, in the State of Illinois, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before the United States District Court for the Northern District of Indiana. I am an attorney for Plaintiff Glitch Productions Pty Ltd ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as witness, I could and would competently testify as follows:

2. Since 2018, I have represented brand owners asserting claims of trademarking infringement and counterfeiting, copyright infringement, and design patent infringement against foreign e-commerce sellers selling infringing products into the United States. I have been counsel of record for brand owners in over 400 cases of this nature. Those cases have involved thousands, if not tens of thousands, of foreign e-commerce sellers.

3. In my experience in combating online intellectual property infringement, I have observed infringers using a variety of tactics to evade enforcement efforts. Specifically, infringers

like Defendants in the present case will often register new e-commerce stores under new aliases once they receive notice of a lawsuit.

4. In my experience, once notice of a lawsuit is received, infringers such as Defendants move funds from their financial accounts to offshore bank accounts outside the jurisdiction of this Court. Financial account transaction logs that I have reviewed in previous similar cases indicate that infringers transfer and/or attempt to transfer funds to offshore bank accounts outside the jurisdiction of this Court once they have received notice of a lawsuit.

5. For these reasons, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions subject to this Court's jurisdiction to off-shore accounts.

6. **Exhibit 1** attached hereto is a true and correct copy of the unpublished decisions cited in Plaintiff's Memorandum in Support of its Motion for a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 9, 2025, in Chicago, Illinois.

/s/ *Martin F. Trainor*
Martin F. Trainor