# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GLITCH PRODUCTIONS PTY LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Case No. 25-cv-00161<br><br>**Judge Gretchen S. Lund**<br><br>**Magistrate Judge John E Martin** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff Glitch Productions Pty Ltd ("Plaintiff") submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction.

i

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Plaintiff brought this action against the Defendants for federal trademark infringement and counterfeiting (Count I) and false designation of origin (Count II). As alleged in the Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products using infringing and counterfeit versions of Plaintiff's trademarks (collectively, the "Unauthorized Products") through at least the fully interactive e-commerce[1] stores operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases"). [2].

### II.  STATEMENT OF FACTS

On April 11, 2025, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO") [17]. The TRO authorized Plaintiff to provide notice of its preliminary injunction filing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an email to the email addresses identified in Exhibit 2 to the Declaration of Stewart Miller and any email addresses provided for Defendants by third parties that includes a link to the website. [17] at ¶ 8. On April 21, 2025, this Court granted Plaintiff's *Ex Parte* Motion to Extend the Temporary Restraining Order until May 9, 2025. [19]. Since and pursuant to entry of the TRO, financial accounts associated with the Defendants have been frozen. *See* Declaration of Martin F. Trainor ("Trainor Dec.") at ¶ 2.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction so the Defendants remain enjoined from the distribution, marketing, advertising, offering for sale, and sale of Unauthorized Products during the pendency of this action. Plaintiff also requests that Defendants' financial accounts remain frozen until completion of these proceedings.

---

[1] The e-commerce store URLs are listed on Schedule A to the TRO [17].

1

### III.    ARGUMENT

#### A. A Preliminary Injunction Extending the Relief Granted in the TRO is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts in the Seventh Circuit addressing similar allegations of trademark infringement and counterfeiting, and/or copyright infringement have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Entertainment One UK Ltd. v. The Partnerships, et al.*, No. 22-cv-01321 (N.D. Ill. Apr. 15, 2022) (unpublished).

##### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *Black v. Friedrichsen*, No. 1:19-CV-307-TLS-SLC, 2022 WL 374502, at *2 (N.D. Ind. Feb. 8, 2022) (quoting *USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc.*, 402 F. Supp. 3d 427, 433 (N.D. Ill. 2019)). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). By entering the TRO, this Court has already found that the above requirements have been satisfied.

##### ii. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of the mark …." 15 U.S.C. § 1116(a).

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants'

financial accounts remain frozen. Since entry of the TRO, Alibaba Group Holding Ltd. ("Alibaba") and PayPal, Inc. ("PayPal") have provided Plaintiff with information, including the identification of several financial accounts associated with the Seller Aliases which were offering for sale and/or selling Unauthorized Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings. As established in Plaintiff's TRO Memorandum [9], Courts in the Seventh Circuit have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to restrain Defendants' assets should be granted.

### IV.   CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated this 2nd day of May 2025.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Martin F. Trainor
　　　　　　　　　　　　　　　　　　　Martin F. Trainor
　　　　　　　　　　　　　　　　　　　Sydney Fenton
　　　　　　　　　　　　　　　　　　　TME Law, P.C.
　　　　　　　　　　　　　　　　　　　10 S. Riverside Plaza
　　　　　　　　　　　　　　　　　　　Suite 875
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　708.475.1127
　　　　　　　　　　　　　　　　　　　martin@tme-law.com
　　　　　　　　　　　　　　　　　　　alexander@tme-law.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Glitch Productions Pty Ltd*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system and I will electronically publish the documents on a website and send an email to the email addresses identified in Exhibit A to Plaintiff's Motion for Entry of a Preliminary Injunction that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com

*Counsel for Plaintiff Glitch Productions Pty Ltd*

5