IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLITCH PRODUCTIONS PTY LTD,<br><br>                           Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>                           Defendants. | Case No. 25-cv-00161<br><br>**Judge Gretchen S. Lund**<br><br>**Magistrate Judge John E Martin** |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Glitch Productions Pty Ltd's ("Plaintiff" or "Glitch") Motion for Entry of a Preliminary Injunction (the "Motion"), and this Court having heard the evidence before it hereby GRANTS Glitch's Motion in its entirety against Defendants, the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto ("Seller Aliases").

This Court further finds that it has personal jurisdiction over Defendants since the Defendants directly target their business activities toward consumers in the United States, including Indiana. Specifically, Defendants have targeted sales to Indiana residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Indiana, accept payment in U.S. dollars, and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "Glitch Trademarks") to residents of Indiana.

---

[1] The e-commerce store urls are listed on Schedule A hereto.

The Glitch Trademarks are in the table below:

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 7,324,648 | THE AMAZING DIGITAL CIRCUS | Mar. 12, 2024 | For: Clothing, namely, tops, knit shirts, polo shirts, jumpers in the nature of sweaters, T-shirts, sweat shirts, blouses, blazers, sweaters, jackets, vests, coats, ponchos, dresses, skirts, trousers, pants, overalls, jeans, denims in the nature of pants, shorts, camisoles, lingerie, sleepwear, underwear, swim wear, gloves, ties, scarves, headscarves, shawls, Clothing belts of textile, socks, hosiery; footwear; headwear in class 025.<br><br>For: Action figure toys; Toy accessories, namely, costumes for toys; electronic multiple activity toys; modeled plastic figurines being toys; toys, namely, scale model plastic figures; toy models; plush stuffed toys; plush toys; apparatus for electronic games adapted for use with an external display screen or monitor; card games; dice games; arcade games; electronic games for the teaching of children; party games; portable gaming devices, namely, portable games with liquid crystal displays; trading cards for games; dolls; plush dolls in class 028.<br><br>For: Arranging of social entertainment events; entertainment services in the nature of an ongoing animation series; fan club services; live entertainment associated with an animation series, namely cosplay entertainment events, live music |

|  |  |  | concerts, live visual and audio performances by actors; organization of social entertainment events; providing information, including online, about entertainment activities; provision of entertainment services in the nature of an animation series via an online forum; provision of non-downloadable audio and video entertainment featuring an animation series via electronic or digital transmission; television entertainment, namely, an ongoing television programs in the field of variety; video entertainment services, namely, an animation series; live entertainment production services in the nature of production of live events for parties and special events for social entertainment purposes; production of audio entertainment, namely, audio recording; multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films production of live entertainment; production of animated cartoons; production of audio and/or video recordings, other than advertising; production of webcasts, other than advertising; providing online electronic publications, not downloadable in the nature of magazines in the field of entertainment; On-line journals, namely, blogs featuring entertainment news; Online publication of journals; screenplay writing in class 041. |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 7,324,485 | ANIMATEZ | Mar. 12, 2024 | For: Action figures; scale model kits featuring modeled plastic toy figures; scale toy figure model kits; modeled plastic figurines being toys; toy figures; toy models; plush toys; dolls in class 028. |
| 7,082,519 | MURDER DRONES | Jun. 20, 2023 | For: Clothing, namely, shorts, pants, coats, dresses, skirts and socks; footwear; headwear; t-shirts; printed t-shirts; shirts; bandanas, namely, neckerchiefs; shorts; hooded sweatshirts; jumpers, namely, pullovers; jumpers in the nature of sweaters; singlets; sweatbands; wristbands as clothing; hats in class 025.<br><br>For: Action toys, namely, action figure toys; children's toys, namely, stuffed toys; costumes for toys, namely, doll costumes; cuddly toys, namely, plush dolls; electronic children's multiple activity toys; molded plastic toy figurines; scale model toy figures; toy models; plastic toys, namely, toy figures; plush toys; plush stuffed toys; scale model kits; toys, namely, dolls; electronic games apparatus adapted for use with an external display screen or monitor; dice games; arcade game machines; gaming machines; games, namely, arcade game machines, action target games, board games and card games; electronic games for teaching children; party games; portable gaming devices, namely, portable video game consoles; trading cards for games; dolls; plush dolls in class 028.<br><br>For: Arranging of entertainment, namely, arranging and conducting social entertainment events; |

| | | | |
|---|---|---|---|
| | | | entertainment, namely, live show performances featuring video animation; fan club services for entertainment; live entertainment, namely, live audio performances by actors; live entertainment production services, namely, live audio performances by actor; organisation of competitions, namely, entertainment and educational services in the nature of competitions in the field of entertainment, education, culture, sports, and other non-business and non-commercial fields; arranging of contests; organisation of entertainment events in the nature of live musical performances; production of audio entertainment, namely, production of audio recordings; production of video podcasts; production of live entertainment, namely, production of television shows, plays; provision of online non-downloadable audio and video entertainment in the nature of visual and audio recordings featuring animated content via electronic or digital transmission; provision of online non-downloadable audio and video entertainment in the nature of visual and audio recordings featuring animated entertainment; television entertainment in the nature of ongoing television programs in the field of variety; video entertainment services, namely, providing a web site featuring video presentations featuring animations; providing online information in the field of entertainment; providing online videos, not downloadable, in the field of animations; film production services, other than |

| | | | |
|---|---|---|---|
| | | | advertising films; production of animated cartoons; providing online electronic publications, not downloadable, namely, newsletters in the field of animation entertainment; electronic publication of information on a wide range of topics, including online and over a global computer network, namely, publishing of electronic publications; publishing of electronic publications; screenplay writing; production of webcasts, other than advertising, namely, providing webcasts in the field of animation entertainment; online publication of journals or diaries consisting of weblog and blog services in the nature of online journals, namely, blogs featuring animation entertainment in class 041. |

This Court also finds that the injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of the Motion and in support of Glitch's previously granted Motion for Entry of a Temporary Restraining Order establishes that Glitch has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Glitch will suffer irreparable harm if the injunction is not granted.

Specifically, Glitch has proved a *prima facie* case of trademark infringement because (1) the Glitch Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the Glitch Trademarks, and (3) Defendants' use of the Glitch Trademarks is causing a

likelihood of confusion as to the origin or sponsorship of Defendants' products with Glitch. Furthermore, Defendants' continued and unauthorized use of the Glitch Trademarks irreparably harms Glitch through diminished goodwill and brand confidence, damage to Glitch's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Glitch has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting in active concert or participation with them be preliminary enjoined or restrained from:

    a. using the Glitch Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not Glitch's genuine product or not authorized by Glitch to be sold in connection with the Glitch Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as Glitch's genuine product or any other product produced by Glitch, that is not Glitch's or not produced under the authorization, control, or supervision of Glitch and approved by Glitch for sale under the Glitch;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Glitch, or are sponsored by, approved by, or otherwise connected with Glitch;

    d. further infringing the Glitch Trademarks and damaging Glitch's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Glitch, nor authorized by Glitch to be sold or offered for sale, and which bear the Glitch Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof.

2. Upon Glitch's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Seller Aliases, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd. ("Alibaba") (collectively, the "Third-Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Glitch expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' Seller Aliases and financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Seller Aliases; and

    c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, confederates, attorneys, and any

persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, Alibaba, Ant Financial Services Group ("Ant Financial"), Payoneer Global, Inc. ("Payoneer"), PayPal, Inc. ("PayPal"), PingPong Global Solutions, Inc. ("PingPong"), and Stripe, Inc. ("Stripe"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Glitch's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Glitch Trademarks.

4. Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third-Party Providers, including Alibaba, Ant Financial, Payoneer, PayPal, PingPong, and Stripe, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Stewart Miller, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Glitch is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' Seller Aliases and financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Seller Aliases.

7. Glitch is authorized to issue the expedited discovery requests authorized by Paragraph 6 via e-mail. Defendants shall respond to any such discovery requests within seven (7) calendar days of being served via e-mail.

8. Glitch may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Stewart Miller and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships

and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Stewart Miller [11], and the TRO [17] are unsealed.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in accordance with the Federal Rules of Civil Procedure and the Northern District of Indiana Local Rules.

11. The ten thousand dollar ($10,000) bond posted by Glitch shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED:

Dated: May 8, 2025

/s/Gretchen S. Lund
Gretchen S. Lund
United States District Judge

**Glitch Productions Pty Ltd v. The Partnerships and Unincorporated Associations Identified on Schedule "A" – Case No. 25-cv-00161**

**Schedule A**

| No. | Seller Alias | URL |
|---|---|---|
| 1 | Guangzhou Lin Xia Network Technology Co., Ltd. | https://linxia.en.alibaba.com/minisiteentrance.html |
| 2 | Hanzhong Hantai Huqiao Trade City Lihua Cabinet Business Department | https://cnlhcw.en.alibaba.com/minisiteentrance.html |
| 3 | Jinhua Darren Trading Co., Ltd. | https://jhdarren.en.alibaba.com/minisiteentrance.html |
| 4 | Nanning Maggie Trading Co., Ltd. | https://nnsmjmy.en.alibaba.com/minisiteentrance.html |
| 5 | Shantou Chenghai Cayi Toy Co., Ltd | https://kaiyitoy.en.alibaba.com/index.html |
| 6 | Shenzhen Enmei Trading Co., Ltd. | https://enmeitrading.en.alibaba.com/ |
| 7 | Shenzhen Leguoguo Trading Co., Ltd. | https://leguoguotrading.en.alibaba.com/ |
| 8 | Shenzhen Rixi Trading Co., Ltd. | https://cn1561877936pqwe.en.alibaba.com/minisiteentrance.html |
| 9 | Shenzhen Xuanruihe Technology Ltd., Co. | https://xuanruihe.en.alibaba.com/minisiteentrance.html |
| 10 | Wuhan John Kids Toys Co., Ltd. | https://yuehantoys.en.alibaba.com/index.html |
| 11 | Wuhan WYH toys Co.,Ltd | https://wyunhui.en.alibaba.com/ |
| 12 | Wuxi Yuntianming Import And Export Co., Ltd. | https://wxtianming.en.alibaba.com/index.html |
| 13 | Yangzhou Hunan Hubei Handicraft Co., Ltd. | https://yzhnhb.en.alibaba.com/minisiteentrance.html |
| 14 | Yangzhou Injera International Trade Co., Ltd. | https://yzinjera.en.alibaba.com/index.html |
| 15 | Yangzhou Jiasite Maternal and Child Products Co., LTD | https://jst9558.en.alibaba.com/minisiteentrance.html |
| 16 | Yangzhou Meiya Meiya Toys And Gifts Co., Ltd. | https://yzmymy.en.alibaba.com/index.html |
| 17 | Yangzhou Yu Chen Textile Products Co., Ltd. | https://yzycfz.en.alibaba.com/minisiteentrance.html |
| 18 | Yiwu Juecai Trade Co., Ltd. | https://cnjuecai.en.alibaba.com/minisiteentrance.html |

| 19 | Yiwu Ke Huan Trading Co., Ltd. | https://kehuan.en.alibaba.com/minisiteentrance.html |
|----|--------------------------------|------------------------------------------------------|
| 20 | Yiwu Minco Import And Export Co., Ltd. | https://mincoindustry.en.alibaba.com/index.html |
| 21 | Yiwu Xinyu Garment Co., Ltd. | https://ywxinyugarment.en.alibaba.com/minisiteentrance.html |
| 22 | Yiwu Yh Art & Crafts Co., Ltd. | https://ywyh.en.alibaba.com/minisiteentrance.html |